## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| ADREN MITCHELL, on behalf of himself and others similarly situated, | : : : | CIVIL ACTION FILE NO. |
| Plaintiff, | : : | |
| v. | : : : | **COMPLAINT – CLASS ACTION** |
| ASSUREDPARTNERS, INC., | : : | |
| Defendant. | : : : | **JURY TRIAL DEMANDED** |
| _____/ | : | |

Plaintiff Adren Mitchell (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

### NATURE OF ACTION

1.    As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act

of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      This case involves a campaign by Assured Partners, Inc. d/b/a Fiorella Insurance Agency ("Fiorella") to market its services through the use of automated telemarketing calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA") and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[1]

3.      The recipients of Fiorella 's illegal calls, which include Plaintiff and the proposed classes, are entitled to damages under the TCPA and FTSA, and because the technology used by Fiorella makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4.      Plaintiff Mitchell is and at all times relevant to this action was a Flagler County resident.

5.      Defendant AssuredPartners, Inc. is a Delaware corporation headquartered in Orlando, Florida.

---

[1] The amendment to the FTSA became effective on July 1, 2021.

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction over the TCPA claim pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the FTSA claims, as they arise out of the same telemarketing campaign as the TCPA claim.

7.      This Court has general personal jurisdiction over Fiorella because the company resides here.

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Fiorella directed the calls at issue to Plaintiff who received them in this District.

## TCPA BACKGROUND

The TCPA Prohibits Automated Telemarketing Calls

9.      The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call.  *See* 47 U.S.C. § 227(b)(1)(A)(iii).

10.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B).  *See* 47 U.S.C. § 227(b)(3).

11.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines.  Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The Florida Telephone Solicitations Act

13.     The FTSA, Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

4

14.     It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

15.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

16.     Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

## FACTUAL ALLEGATIONS

17.     Defendant Fiorella is a "person" as the term is defined by 47 U.S.C. § 153(39).

18.     Fiorella is an insurance agency.

19.     Plaintiff Mitchell's cellular telephone number, (386) 212-XXXX, has been registered with the National Do Not Call Registry since April 13, 2023.

20.    Plaintiff Mitchell uses his cell phone for personal use only. It is not used as a business number.

21.    In early 2023 and for years prior, Plaintiff Mitchell started receiving unwanted telephonic sales pre-recorded calls from Defendant Fiorella Insurance Agency to his cell phone marketing health insurance.

22.    After receipt of these unwanted calls, the Plaintiff Mitchell wrote to the Defendant and requested that he no longer be contacted.

23.    A copy of that e-mail is below:

> TO WHOM THIS MAY CONCERN:
>
> I HAVE ASKED YOUR AGENCY TO STOP CALLING MY NUMBER FOR THE LAST FEW YEARS NOW. PLEASE REMOVE MY NUMBER
>
> (386-212-XXXX) FROM YOUR CALLING LIST?
>
> THANK YOU SO KINDLY!

24.    In response, the Plaintiff received the following e-mail response:

> Dear Adren,
>
> Good Afternoon. I apologize for the inconvenience and have taken your request to be removed from our list with great seriousness. Your phone number has been removed from our call list, and extra steps will be taken to make sure that you are not contacted again. Please accept our sincerest apologies.

Sincerely,

**Dafud Iza | Executive Vice President**

Fiorella Insurance Agency

2300 SE Monterey Rd. | Suite 200 | Stuart FL, 34996

25.    However, the calls did not stop.

26.    The Plaintiff received two calls from Fiorella on April 17, 2023.

27.    A pre-recorded voicemail was placed that stated the following:

> Hi, this is Crystal at Fiorella Insurance, your local agency for
> Florida Blue. I'm calling you to let you know that we have
> several health options available for you….

28.    This was a similar pre-recorded voicemail that the Plaintiff had received from the Defendant previously.

29.    The Caller ID for the calls was (402) 307-6476.

30.    Indeed, NoMoRobo, which won the federal government's award for detecting spam calls, identified some of numbers that called as robocallers. *See* https://www.nomorobo.com/lookup/402-307-6476 (Last Visited April 25, 2023).

31.    The Plaintiff also received a pre-recorded voice call with the same pre-recorded message on April 26, 2023.

32.    Plaintiff Mitchell has never had any business relationship with

Defendant Fiorella Insurance Agency.

33.    Plaintiff Mitchell was not looking for insurance related products such as the Defendant offers, and has never given his express written consent to Defendant Fiorella Insurance Agency to place telephonic solicitation calls to her cell phone.

### Online Complaints and Reviews Showing Fiorella Insurance Agency Places Such Telemarketing Calls

34.    Consumers have raised numerous complaints online about Defendant's unsolicited telemarketing calls, including complaints specifically alleging the use of pre-recorded voice messages, such as:

- "I have the same problem with repeated telephone solicitation. I have pressed the number 5 as the recording states will remove me from the calling list. I called the company and spoke to them twice requesting my number be removed. On one call when I pressed 5 to be removed, I heard a recording that sounded like chimpanzees laughing. That might be their little inside joke. I will block the number and hope it stops. Seems other people have reported them to the attorney general to no avail."[2]
- "I have repeatedly ask these people to quit calling even talked to a supervisor and was told they removed our number.
here it is at 704pm and the calls keep coming they have called up to 10pm at night. as of now we have sent a letter to Florida AG with a copy of caller id and also sent to our atty.  this fly by night company just likes to harass you........"[3]

---

[2] https://www.yelp.com/not_recommended_reviews/fiorella-insurance-agency-stuart-4

[3] *Id.*

- "Horrible customer service and they keep you on a cold call list Stay away"[4]
- "Awful company, constant robo dialing us day in and ay out after many requsts to stop."[5]
- "if i could give this a negative star i would.  the amount of calls per day from different numbers is so unprofessional. then they leave a voice mail .  we have been getting a minimum of 3 calls per day everyday for the last 2 months.  we have told every representative to stop the calls.  does this company feel we will call them if we have a need? there is no way i would call them or recommend them to anyone."[6]
- "This company has solicited me and only after getting MORE than 20 calls AFTER being I have repeatedly said to stop calling, I contacted the Attorney General...hopefully that will stop the harassment.
  If it were possible to give negative stars, this would be a good place to start."[7]
- "Recorded call soliciting for health insurance. Fiorella Insurance."[8]

35.     In addition, other consumers have posted pre-recorded voicemail messages they received from Defendant Fiorella Insurance Agency, from the same agent, Crystal, who sent the pre-recorded voicemails to Plaintiff Mitchell's cell phone:

---

[4] https://www.bbb.org/us/fl/stuart/profile/insurance-agency/fiorella-insurance-agency-inc-0633-31002370/customer-reviews

[5] https://www.yelp.com/biz/fiorella-insurance-agency-stuart-4

[6] *Id.*

[7] *Id.*

[8] https://www.shouldianswer.com/phone-number/7726001134



36.     Neither the Plaintiff nor any other members of the proposed classes ever provided Defendant and/or their agents with prior express written consent to receive the telephone calls at issue.

37.     Defendant does not have any record of express written consent to place telemarketing calls, or calls featuring an artificial or prerecorded voice, to Plaintiff or to members of the proposed classes.

38.     Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls.

39.     In response to these calls, Plaintiff file this lawsuit seeking injunctive relief requiring the Defendant to cease violating the Telephone Consumer Protection

---

[9] https://lookup.robokiller.com/p/813-322-9005

Act and Florida Telephone Solicitation Act, as well as an award of statutory damages

to the members of the Classes and costs.

## CLASS ACTION ALLEGATIONS

40.    Plaintiff brings this action on behalf of herself and the following classes

(the "Classes") pursuant to Federal Rule of Civil Procedure 23.

41.    Plaintiff proposes the following Class definitions, subject to

amendment as appropriate:

> **Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call to or from Florida regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff (3) since July 1, 2021.

> **Florida Telephone Solicitation Act Do Not Call Registry Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Defendant's goods and/or services, (2) to a number on Florida's no sales solicitation calls list (3) since July 1, 2021.

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant called on their cellular telephone number (2) using an artificial or pre-recorded voice.

> **Pre-recorded Stop Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant called (2) using an artificial or pre-recorded voice (3) despite previously requesting to no longer be contacted.

42.    Plaintiff Mitchell is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Classes' members.

43.    Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

44.    Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, the use of their data plans, and the intrusion on their telephone that occupied it from receiving legitimate communications.

45.    This Class Action Complaint seeks injunctive relief and money damages.

46.    The Classes as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

47.    Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes the Classes' members number, at minimum, in the hundreds in each class.

48.     The joinder of all members of the Classes is impracticable due to the size and relatively modest value of each individual claim.

49.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

50.     There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

(a) whether Defendant made telemarketing calls without first obtaining prior express written consent;

(b) whether Defendant used an autodialer or artificial or prerecorded voice to make calls;

(c) whether Defendant systematically sent made telemarketing calls to telephone numbers registered with the National Do Not Call Registry;

(d) whether Defendant's conduct constitutes a violation of the TCPA and FTSA; and

(e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

51.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes.  Plaintiff has no interests which are antagonistic to any member of the Classes.

52.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

53.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

54.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**COUNT I**
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff Mitchell and the Autodial Class**

55.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 54 as if fully set forth herein.

56.     Plaintiff brings this claim individually and on behalf of the Autodial Pre-recorded Class Members against Defendant.

57.    It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

58.    A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

59.    Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

60.    In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

61.    Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers and/or a recorded message.

15

62.    As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT II
### Violation of the Florida Telephone Solicitation Act,
### Fla. Stat. § 501.059
### On Behalf of Plaintiff and the Florida Telephone Solicitation
### Act Do Not Registry Call Class

63.    Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 48 as if fully set forth herein.

64.    Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Do Not Call Registry Class Members against Defendant.

65.    It is a violation of the FTSA to "make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number for that telephone" on the National Do Not Call Registry. *See* Fla. Stat. § 501.059(4).

66.    A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation

of a sale of consumer goods or services or an extension of credit for such purposes."

Fla. Stat. § 501.059(1)(i).

67.    Defendant failed to secure prior express written consent from Plaintiff

and the Class Members.

68.    In violation of the FTSA, Defendant made and/or knowingly allowed

telephonic sales calls to be made to Plaintiff and the Class members without

Plaintiff's and the Class members' prior express written consent even though the

Class members were on the National Do Not Call Registry.

69.    As a result of Defendant's conduct, and pursuant to § 501.059(10)(a)

of the FTSA, Plaintiff and Class members were harmed and are each entitled to a

minimum of $500.00 in damages for each violation. Plaintiff and the Class members

are also entitled to an injunction against future calls. *Id.*

## COUNT III
**Telephone Consumer Protection Act**
**Violation of 47 U.S.C. § 227**
**On Behalf of Plaintiff Mitchell and the Pre-recorded Classes**

70.    Plaintiff repeats and incorporates the allegations set forth in paragraphs

1 through 48 as if fully set forth herein.

71.    Defendant transmitted unwanted telephone calls to Plaintiff and the

other members of the Pre-recorded classes using a pre-recorded voice message.

72.     These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Pre-recorded classes.

73.     The Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded classes are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.      Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, using an autodialer or prerecorded or artificial voice, or to numbers on the National Do Not Call Registry in the future;

B.      That the Court enter a judgment awarding Plaintiff and all class members statutory damages for each violation of the TCPA and FTSA;

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes,

and appointing the lawyers and law firms representing Plaintiff as counsel for the

Classes; and

      D.     Such other relief as the Court deems just and proper.

**<u>JURY DEMAND</u>**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: June 1, 2023          PLAINTIFF, on behalf of himself
and others similarly situated,

*/s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)*
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Lead Counsel